**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHAEL WOOD,**

**Plaintiff,**

**v.**

**STEVEN GAUSE *et al.*,**

**Defendants.**

**Case Number 2:25-cv-775**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Grace M. Royalty**

**OPINION AND ORDER**

This matter is before the Court on a Report and Recommendation filed by the Magistrate Judge. (ECF No. 4.) Plaintiff Michael Wood filed an Objection. (ECF No. 7.) For the reasons explained in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection (ECF No. 7) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 4).

**BACKGROUND**

Plaintiff, proceeding *pro se*, is currently incarcerated at the Southeastern Correctional Institution in Lancaster, Ohio, and brings this action under 42 U.S.C. § 1983 for incidents that took place when he was incarcerated at London Correctional Institution. (ECF No. 4, PageID 38.) Plaintiff filed his suit against four Defendants (Steven Gause, Teron Hood, Paul Page, and Johnathan Jordan), all in their individual and official capacities. (ECF No. 1, PageID 1.)

Plaintiff's lawsuit centers on events that occurred on June 28, 2023 and several days afterward, starting "with a confrontation over an alleged rules infraction" and leading "to the alleged use of excessive force and commission of invasive strip searches." (ECF No. 4, PageID 40.) Plaintiff also alleges that after Defendant Hood placed him in handcuffs, Defendant Gause "maliciously and sadistically grabbed each cuff in his hands and cinched both into [Plaintiff's] skin and wrists." (*Id.* PageID 43 (quoting ECF No. 1).) Plaintiff then spent five days in

"restricted confinement (with attendant deprivations)." (ECF No. 4, PageID 40.) The Magistrate Judge summarized these factual allegations at length (*id.* PageID 40–45), and the Court does not repeat them here. Plaintiff seeks "punitive and compensatory redress in the amount of $1,000,000." (ECF No. 1, PageID 1.)

The Magistrate Judge concluded that all but one of Plaintiff's eight stated claims for relief should be dismissed. (ECF No. 4, PageID 47.) First, the Magistrate Judge noted, § 1983 does not allow claims for monetary damages against Defendants in their official capacities. (*Id.*) The Magistrate Judge then explained that Plaintiff's complaint failed to state claims for superior liability, civil conspiracy, equal protection, First Amendment retaliation, unnecessary and unreasonable restraint under the Eighth Amendment (as to Defendant Hood), unnecessary and unreasonable invasive strip search, and failure to record. (*Id.* PageID 47–61.) Having concluded that these claims should be dismissed for failure to state a claim, the Magistrate Judge recommended that the sole remaining claim, Plaintiff's Eighth Amendment excessive force claim against Defendant Gause in his individual capacity, be permitted to proceed. (*Id.* PageID 61.)

Plaintiff filed a timely Objection. (ECF No. 7.)

**ANALYSIS**

If a party timely objects to a report and recommendation ("R&R"), the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). General objections are not enough; the objecting party "must identify each issue . . . to which they object with sufficient clarity, or else that issue is forfeited." *Price v. Ohio Dep't of Rehab. & Corr.*, 649 F. Supp. 3d 598, 604 (S.D. Ohio 2023) (Cole, J.) (citing *Miller v. Currie*, 50

F.3d 373, 380 (6th Cir. 1995)). "Merely restating arguments previously presented, merely stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before" does not suffice. *Brock v. Hamilton Cnty. JFS Children Servs.*, No. 1:25-cv-685, 2026 WL 1361481, at *1 (S.D. Ohio May 15, 2026) (quoting *Wischer ex rel. Ernst v. Comm'r of Soc. Sec.*, No. 1:13-cv-810, 2015 WL 1107543, at *1 (S.D. Ohio Mar. 11, 2015)).ss

Plaintiff objects to the Magistrate Judge's recommendations of dismissal as to five claims: superior liability, civil conspiracy, First Amendment retaliation, unreasonable bodily restraint, and unreasonable strip search. (ECF No. 7, PageID 67.) Because Plaintiff does not object to the recommendations of dismissal on his equal protection or failure to record claims, the Court does not address them here.

Plaintiff cites *Garrett v. Belmont County Sheriff's Department*, 374 F. App'x 6ss12 (6th Cir. 2010) for the proposition that in liberally construing *pro se* complaints, a court may consider additional allegations in objections to a magistrate judge's R&R, presumably implying this Court should do so here. (ECF No. 7, PageID 68.) While true, this proposition does not relieve Plaintiff of his obligation to state a claim through "direct or inferential allegations respecting all the material elements." *See Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (citation omitted) (noting that even for pro se litigants, "our standard of review requires more than the bare assertions of legal conclusions"). Plaintiff fails to include such necessary allegations in his complaint and his objections.

In his objections, Plaintiff asserts no additional factual allegations or arguments as to civil conspiracy, First Amendment retaliation, or unreasonable bodily restraint, instead "[m]erely restating arguments previously presented." *Brock*, 2026 WL 1361481, at *1 (citation omitted). As to unreasonable strip searches, Plaintiff does not allege that any of the named Defendants

conducted these searches and only reiterates what he alleged in the complaint: that he was strip-searched twice by "unnamed co-conspirator[s]." (ECF No. 7, PageID 76.)

Plaintiff also objects to the Magistrate Judge's recommendation on superior liability. Under a theory of supervisory liability, as the Magistrate Judge explained, a supervisor must have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." (ECF No. 4, PageID 48 (citing *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).) This means that Defendant Gause cannot be held liable under a theory of supervisory liability for his *own* actions, only the unconstitutional acts of a subordinate (such as Defendant Hood) or subordinates, and he must have approved of those acts in some way. Plaintiff would therefore have had "to plausibly allege constitutional claims against Defendants Gause and Hood relating to Hood's standing-count announcement, in causing Plaintiff to be handcuffed, or in connection with the searches of Plaintiff prior to being placed in restrictive confinement." (ECF No. 4, PageID 48.)

Plaintiff asserts in his objection that

> [a]s I interacted with HOOD, GAUSE was observing while standing wat [sic] the end of the isle [sic]. GAUSE was the only individual who also orchestrated and initiated the conspiracy described in the complaint. GAUSE instructed hood to "cuff him up," used excessive force to cinch those cuffs in to my wrist joints and directed the conspiracy to forge the conduct report, containing deliberately false and materially misleading allegations, for which I was found guilty.

(ECF No. 7, PageID 69.) None of these actions would make Defendant Gause liable under a theory of supervisory liability. First, Defendant Hood's placing handcuffs on Plaintiff was not unconstitutional. As the Magistrate Judge explains, handcuffing Plaintiff "for a limited duration of time, in connection with a suspected rules infraction, and while being transported for disciplinary proceedings" could be classified as *de minimis* use of physical restraint and raises no constitutional concerns. (ECF No. 4, PageID 56.) Second, Plaintiff argues that Defendant

Gause's own action—"us[ing] excessive force to cinch those cuffs in to [Plaintiff's] wrist joints"—supports a theory of superior liability (ECF No. 7, PageID 69), but this does not involve the actions of a subordinate and therefore fails. Third, Plaintiff alleges that Defendant Gause directed Defendant Hood "to forge the conduct report, containing deliberately false and materially misleading allegations, for which I was found guilty." (*Id.*) Taking these allegations as true, Plaintiff still fails to state a claim. "Erroneous or even fabricated allegations of misconduct" against an inmate do not by themselves "constitute a deprivation of a constitutional right." (ECF No. 4, PageID 60 (collecting Sixth Circuit cases).) Finally, as the Magistrate Judge noted, because Plaintiff failed to state a claim for First Amendment retaliation, no other alleged unconstitutional conduct provides the basis for supervisory liability against Defendant Gause. (ECF No. 4, PageID 48.)

## CONCLUSION

The Court **OVERRULES** (ECF No. 7) Plaintiff Michael Wood's Objection and **AFFIRMS** and **ADOPTS** (ECF No. 4) the Magistrate Judge's Report and Recommendation.

This case remains **OPEN**.

**IT IS SO ORDERED.**

**11/2/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**